UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMES MICHAEL RUST,                                                        Plaintiff

v.                                                        Civil Action No. 3:22-CV-P213-RGJ

LARUE COUNTY DETENTION C., *et al.*,                                     Defendants

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff James Michael Rust filed the instant *pro se* prisoner 42 U.S.C. § 1983 action.  The

complaint [DE 1] is now before the Court for an initial screening pursuant to 28 U.S.C. § 1915A.

For the reasons stated below, the Court will dismiss the action.

## I.  SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff, a convicted inmate at the Larue County Detention Center (LCDC), sues "Larue

County Detention C.[,]" which the Court construes as LCDC, and Jailer Jamie Underwood in his

individual and official capacities.  Where the complaint form asks the filer if he has begun other

lawsuits dealing with the same facts involved in this action, Plaintiff points to another case he filed

in this Court, *James Michael Rust v. Larue County Detention Center et al.*, Civil Action No. 3:21-

CV-332-DJH, which was pending at the time he filed the complaint.[1]

Plaintiff states that "it is Underwoods responsibility to provide me with all the sick call,

request to talk and grievance documents off the LCDC kiosk[]" and that Underwood "was ordered

to do so by Judge David Hale."  Plaintiff further states as follows:

> In attempt to prevent verdict of trust [Underwood] has not complied with court
> orders and violated by 5th, 14th of due process violated the Freedom of Info Act.
> In contempt of court for disobeying court order's and violateing the 9th by
> tampering with physical evidence and obstructing justice with unconstitutional acts.

---

[1] That action was dismissed by Memorandum and Orders entered on January 13, 2023.  Civil Action No. 3:21-CV-332-DJH [DEs 89 and 90].

To prevent me from seeking reileif from himself Nurse Melissa Johnson and Capt. Mindy Tucker.  As Jailer its his duty to abide by the law and understand it by failing to do so he should not be Jailer as he acts against the dignity of the courts as well as people.  Its cruel and unusual to deprive me of important documents violating my 8th.

Plaintiff further states that he sent the Court a letter in his other lawsuit requesting "to relieve Underwood Administration of its duty" and "warning the court of the Administration's neglect towards inmates and the possibility of a inmate death ocurring due to there leadership." He states, "The Court did not take action and the result is a wrongful death of a inmate in LCDC custody.  The Court should get involved and investigate the facts."  He further asserts, "I would testify against the administration under oath and prove all of my claims if the Court will force Underwood to give me all the kiosk documents it previously orderd.  Hold Underwood in contempt of court and perjury."

As relief, Plaintiff seeks compensatory and punitive damages and requests, "Supena all kiosk records/court cost/fee's."

## II.  STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

2

570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.  ANALYSIS

#### A. *Individual-capacity claim against Underwood*

Plaintiff alleges that Underwood's failure to produce documents to him in his separate action before the Honorable Judge David J. Hale violated his constitutional rights. Plaintiff essentially requests this Court to enforce an Order to produce discovery allegedly entered by Judge Hale in the separate action. However, a plaintiff cannot file a separate action seeking discovery in an already existing case. *Berna v. DOJ Bureau of Firearms*, No. 1:14-cv-01972-JAM-SAB, 2015 U.S. Dist. LEXIS 63680, at *6-7 (E.D. Ca. May 14, 2015) (recommending dismissal under §1915A of claim seeking documents in a separate action and finding, "If Plaintiff wishes to request documents relevant to the claims raised in *Berna v. Powell*, Plaintiff can make those discovery requests in that action, not in this separate action."); *see also Kirshner v. Uniden Corp. of America*, 842 F.2d 1074, 1081 (9th Cir. 1988) ("The remedy for a party seeking the return of material improperly discovered in a separate action is to seek a protective order from the court that presided

over the discovery process in that discrete proceeding."). Plaintiff's constitutional claims raised in the instant action must therefore be dismissed for failure to state a claim upon which relief may be granted.

Likewise, Plaintiff cannot assert a claim against Underwood for contempt of court based on an alleged violation of an order in a separate action. *See Lewis v. Nevada*, No. 3:13-cv-00312-MMD, 2014 U.S. Dist. LEXIS 2045, *19 (D. Nev. Jan. 6, 2014) (dismissing claim for contempt of court under § 1915A finding that an alleged violation of an order in a separate case should have been brought in the separate case); *Hurst v. City of Dover*, No. 04-083 GMS, 2008 U.S. Dist. LEXIS 46503, at *15 (D. Del. June 16, 2008) ("Even assuming Hurst is entitled to compensatory damages based on a finding of contempt of court in his criminal case, that entitlement does not raise a cognizable claim in this separate civil action."). Thus, the individual-capacity claim against Underwood asserting contempt of court in the separate action before Judge Hale must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff also appears to assert a claim against Underwood under the Freedom of Information Act (FOIA). FOIA is a part of the Administrative Procedure Act. *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 754 (1989). Generally, FOIA requires federal agencies to release government records upon request, subject to listed exceptions. See 5 U.S.C. § 552. It is "beyond question" that FOIA applies only to federal agencies. *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999); *see also Day v. Shalala*, 23 F.3d 1052, 1064 (6th Cir. 1994) ("[T]he APA applies only to federal agencies . . . ."). The records Plaintiff seeks are records of a county jail and not a federal agency. Therefore,

Plaintiff's individual-capacity claim against Underwood under FOIA must be dismissed for failure to state a claim upon which relief may be granted.

Moreover, to the extent Plaintiff alleges that Underwood should be investigated or prosecuted, a district court has no authority to order a criminal investigation or prosecution, nor cannot it do so itself. *Kuilan v. Zimmerman*, No. 22-5331, 2022 U.S. App. LEXIS 29631, at *2 (6th Cir. Oct. 24, 2022); *see also United States v. Trevino*, 7 F.4th 414, 421 (6th Cir. 2021) ("'[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case.'") (quoting *United States v. Nixon*, 418 U.S. 683, 693 (1974)). Accordingly, the individual-capacity claim against Underwood based on Plaintiff's request for a criminal investigation or prosecution must also be dismissed for failure to state a claim.

### B. *Official-capacity claim against Underwood and LCDC*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Underwood is actually against his employer, Larue County. Moreover, LCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983. In this situation, Larue County is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Because the Court has concluded that Plaintiff fails to state a constitutional claim against Underwood as stated above, Plaintiff's official-capacity claim against Underwood and his

claim against LMDC must also be dismissed for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION

The Court will enter a separate Order of dismissal for the reasons stated herein.

Date:   February 14, 2023

Rebecca Grady Jennings, District Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        Larue County Attorney
A961.010